EDWARD F. KNICKERBOCKER, Appellant, *v.* GENERAL RAILWAY SIGNAL COMPANY, Respondent.

Master and servant — negligence — failure of master to promulgate rules for operation of elevator used by employees.

The danger of the attempted simultaneous use of an elevator having no regular operator and no system of signals, which is used by large numbers of employees on the ground and gallery floors of the building in which it is situated, is so obvious that a jury might find negligence on the part of the employer in failing to make any provision by rule or otherwise to guard against it.

*Knickerbocker* v. *General Ry. Signal Co.*, 152 App. Div. 956, reversed.

(Argued October 30, 1913; decided November 18, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 8, 1912, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Cogswell Bentley* and *James G. Greene* for appellant. Whether or not defendant was guilty of negligence in failing to adopt any precautions to prevent the attempted simultaneous operation of the elevator by employees on different floors was a question of fact for the jury. (*Froelich* v. *City of New York*, 199 N. Y. 466; *Nichols* v. *Searle Mfg. Co.*, 134 App. Div. 62; *Morgan* v. *H. R. O. & I. Co.*, 133 N. Y. 666; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Kapella* v. *Nichols Chemical Co.*, 83 App. Div. 45; *Bennett* v. *L. I. R. R. Co.*, 163 N. Y. 1; *Stringham* v. *Hilton*, 111 N. Y. 183.) Assuming that plaintiff's fellow-employees had evolved and put in practice a plan for their mutual protection, that fact did not, as a matter of law, relieve the defendant of the obligation to make a plan of its own to protect its employees. (*Abel* v. *D. & H. Co.*, 103 N. Y. 581.)

*Fred C. Goodwin* for respondent. The defendant was not negligent either in failing to equip this elevator with signals or in failing to promulgate rules. (*Stringham* v. *Hilton*, 111 N. Y. 188; *Harley* v. *Buffalo Car Mfg. Co.*, 142 N. Y. 31; *Bennett* v. *Long Island R. R. Co.*, 163 N. Y. 1; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Morgan* v. *Hudson River Ore & Iron Co.*, 133 N. Y. 666; *Corcoran* v. *N. Y., N. H. & H. R. R. Co.*, 58 App. Div. 606; *Kapella* v. *Nichols Chemical Co.*, 83 App. Div. 45; *Koszlowski* v. *American Locomotive Co.*, 96 App. Div. 40.)

MILLER, J. This is an action by servant against master for personal injuries resulting from negligence. While the plaintiff was pushing a truck on to a freight elevator, it suddenly started, and he was thrown down, caught between the elevator platform and an automatic gate and injured. The building was one story in height with a gallery fifteen feet above the ground floor. The elevator was a slow moving freight elevator, used to carry things between the ground floor and the gallery. There was no regular operator of the elevator, but it was used by any one of the two hundred or two hundred and fifty employees in the building who had occasion to do so. The plaintiff attempted to board the elevator on the ground floor. There was evidence justifying the inference that it was started by some one on the gallery floor pulling the cable. It had been customary for the men to shake the cable and call out a warning before attempting to move the elevator in that manner, but, on the occasion in question, no such warning was given. The defendant had provided no system of signals and had promulgated no rule respecting the use of the elevator. Evidence was introduced by the defendant tending to show that, while it was customary to have some sort of a signal device on freight elevators running three stories or more, that was not customary where the elevator ran only between two floors.

We are of the opinion that the evidence presented a question of fact for the jury. The danger of the attempted simultaneous use of the elevator by different employees on the ground and gallery floors was so obvious that a jury might find negligence on the part of the employer in failing to make any provision whatever by rule or otherwise to guard against it. The fact that a custom had grown up among the men to give some sort of a signal by shaking the cable or by calling out does not relieve the master of the performance of his duty. Of course, the chances of accident would increase as the number of floors increased, but the danger would be no less obvious with only two floors in a factory employing from two hundred to two hundred and fifty men, any one of whom was at liberty to use the elevator at will. It is unnecessary to prove by experts or by the experience of others the necessity of guarding against a danger so obvious that the men themselves, without any requirement of the master, were accustomed to signal. Though knowing of the custom, the employer should have anticipated the likelihood that, through carelessness or inadvertence, an employee might omit to give the signal and should at least have enforced the custom by a rule, the violation of which might involve some punishment. It is unnecessary to determine what would be the most effective way to guard against the danger, and of course the employer would not be guilty of negligence for failing to use the best way. The legal proposition is that the failure of the employer to take any measures whatever to guard against an obvious danger arising from the method of conducting his business presented a question of fact for the jury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur.

Judgment reversed, etc.