MARY FABER, as Administratrix of the Estate of RUDOLPH FABER, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Appeal — practice — decision of Appellate Division reversing judgment on the facts and further dismissing complaint because evidence insufficient to sustain judgment — dismissal of complaint presents question of law reviewable in Court of Appeals — practice upon reversing such decision of Appellate Division.

1. Where, in an action for negligence against a municipality, the Appellate Division reversed the judgment against the defendant on questions of fact, and then proceeded further and dismissed the complaint because the evidence was insufficient to show culpable negligence on the part of the defendant, such dismissal of the complaint presents a question of law involving a final determination of the action, and is reviewable in the Court of Appeals, and the right to review that question is not affected by the powers conferrred upon the Appellate Division by the amendment.(L. 1912, ch. 380) to section 1317 of the Code of Civil Procedure.

2. Upon such review, the complaint having been dismissed, this court must, in determining whether the facts proved constitute a cause of action, assume that the evidence offered on behalf of the plaintiff was true and give him the benefit of every favorable inference which can reasonably be drawn therefrom, and, where the evidence, so considered, proves facts sufficient to constitute a cause

of action, the judgment and order of the Appellate Division should be modified in so far as it dismisses the complaint, and a new trial be granted. (*Lalor* v. *City of New York*, 208 N. Y. 431, distinguished.)
    *Faber* v. *City of New York*, 161 App. Div. 203, modified.

(Argued December 18, 1914; decided January 12, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1914, upon an order reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Dater, Jay S. Jones* and *Edward J. Fanning* for appellant. It was error for the Appellate Division to grant judgment absolute dismissing the plaintiff's complaint. (*Cronin* v. *Lord,* 161 N. Y. 90; *Marden* v. *Dorthy,* 160 N. Y. 39; *Clemence* v. *City of Auburn,* 66 N. Y. 334; *Sundheimer* v. *City of New York,* 176 N. Y. 495; *Silverman* v. *Foreman,* 3 E. D. Smith, 322; *Marshall* v. *Davies,* 78 N. Y. 414; *Howard* v. *Bank of the Metropolis,* 104 App. Div. 534; *Bancroft* v. *Sheehan,* 21 Hun, 551; *Odell* v. *McGrath,* 21 App. Div. 252; *Bonnette* v. *Molloy,* 209 N. Y. 167.)

*Frank L. Polk, Corporation Counsel* (*Terence Farley* and *Clarence L. Barber* of counsel), for respondent. There was a material dispute as to the facts on the trial. For that reason the Appellate Division was authorized to reverse on the facts. And inasmuch as it has done so its order is not appealable to this court. (*Otten* v. *Manhattan Ry. Co.,* 150 N. Y. 395; *Crooks* v. *People's Nat. Bank,* 177 N. Y. 68; *Matter of Totten,* 179 N. Y. 112; *Hirsch* v. *Jones,* 191 N. Y. 195; *Tousey* v. *Hastings,* 194 N. Y. 79; *Wright* v. *Smith,* 209 N. Y. 249; *Caldwell* v. *City of New York,* 210 N. Y. 576; *Peterson* v. *O. El. R. Co.,* 161 App. Div. 720; *Lamport* v. *Smedley,* 213 N. Y. 82.)

SEABURY, J. The plaintiff, as administratrix of Rudolph Faber, deceased, sues to recover damages for alleged negligence on the part of the defendant causing the death of plaintiff's intestate. The jury returned a verdict for the plaintiff. From the judgment entered upon the verdict and from the order denying the defendant's motion for a new trial an appeal was taken to the Appellate Division. Upon appeal the Appellate Division reversed the judgment and order and dismissed the complaint. The order of reversal provides that it is "unanimously ordered, that the said judgment and order so appealed from be and the same hereby are reversed on questions of fact; the finding of negligence on the part of the defendant, the City of New York, is reversed, with costs and disbursements, and it is further ordered, that the complaint herein be and the same hereby is dismissed with costs." One of the justices of the Appellate Division dissented from so much of the decision as dismissed the complaint. It is contended by the respondent that the judgment appealed from is not reviewable here because the Appellate Division has reversed the judgment for the plaintiff upon questions of fact. So far as the judgment of the Appellate Division reversed the judgment of the Trial Term on the facts it is not reviewable here. The judgment of the Appellate Division, however, did not stop with reversing the judgment of the Trial Term but dismissed the complaint. The complaint was dismissed because in the opinion of the learned Appellate Division "the evidence was insufficient to show culpable negligence on the part of the defendant." The dismissal of a complaint because of the alleged insufficiency of the plaintiff's proof to constitute a cause of action presents a question of law involving a final determination of the action, and is reviewable in this court. The character of the question presented as one of law is not affected by the statement in the decision of the Appellate Division that the judgment and order appealed from are reversed on questions of fact. In so

far. as the Appellate Division reversed the judgment of the Trial Term that decision is not subject to review in this court. In so far as the decision of the Appellate Division dismissed the complaint it presents for review in this court a question of law, and the right to review that question is not affected by the powers conferred upon the Appellate Division by the recent amendment (Laws of 1912, chap. 380) to section 1317 of the Code of Civil Procedure. If the facts proved upon the trial were insufficient to constitute a cause of action the judgment of the Appellate Division must be affirmed. If the facts proved did constitute a cause of action the judgment of the Appellate Division, in so far as it dismissed the complaint, must be modified and a new trial granted. The complaint having been dismissed, this court must, in determining whether the facts proved constitute a cause of action, give the appellant the benefit of every favorable inference which can reasonably be drawn. (*Kraus* v. *Birnbaum*, 200 N. Y. 130.) On the day of the accident plaintiff's intestate was driving a team of horses attached to a springless lumber wagon loaded with heavy beams. Coming down Suffolk street in the city of New York he turned to the right into Division street, when the right-hand forward wheel went into a hole in the street, and he was thrown from his wagon to the street, striking his head and receiving the injuries which resulted in his death. It appeared that the hole in the street at this point had existed in a condition of disrepair for a period of from two to four months prior to the day of the accident. The evidence offered upon the trial as to the dimensions of the hole was conflicting. The witnesses called by the plaintiff testified that it was from one to three feet wide and from six to ten inches deep. The witnesses called by the defendant testified that the depth of the depression did not exceed three inches. In the opinion of the learned Appellate Division the estimates as to the depth of the hole which were given by the witnesses

called on behalf of the plaintiff were disregarded, and the testimony given upon this subject by the witness in the employ of the defendant was adopted. This was done because the defendant's employee had actually measured the depth of the hole while the witnesses called by the plaintiff gave their estimates as to its depth. In deter_mining as to the weight of the evidence the Appellate Division might properly do this, but in determining whether or not the plaintiff proved a cause of action, we must assume that the evidence offered on behalf of the plaintiff was true. The rules of law governing municipalities in the care of streets and sidewalks have often been stated by this court, and, as was said by Judge CHASE in *Terry* v. *Village of Perry* (199 N. Y. 79, 82), where the authorities are reviewed: "Each case must stand upon its own peculiar facts and the application of such well-known rules of law to such facts." If we assume that the testimony offered on behalf of the plaintiff is true, as we are required to do upon the dismissal of the complaint, facts sufficient to constitute a cause of action were proved. The case of *Lalor* v. *City of New York* (208 N. Y. 431), relied upon below as justifying the dismissal of the complaint, is not similar to the present case, unless we disregard the evidence of the plaintiff's witnesses and accept the evidence of the defendant's witnesses, and this we are not authorized to do in determining the question of law presented by the dismissal of the complaint. The *Lalor* case is distinguishable also on the ground that there a disinterested witness called on behalf of the plaintiff testified to facts which made it clear that the plaintiff had no cause of action.

I advise that the judgment and order of the Appellate Division be modified in so far as it dismisses the complaint, and that a new trial be granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Judgment accordingly.