THEODORE DZKOWSKI, Appellant, *v.* REYNOLDSVILLE CARTING COMPANY, Respondent.

Master and servant — duty of master to promulgate rules to protect employee from negligent acts of co-employees — when question of fact for jury.

1. When the act of an employee may make the work of another employee dangerous which would be safe if no action were taken, it becomes the duty of the employer to make such rules as will enable those whose safety is put in jeopardy to be advised of the danger so as to be able to avoid it.

2. On examination of the facts in this case, *held*, that the failure of the employer to adopt measures to guard against the obvious danger which arose from the method in which the work was conducted, presented a question of fact which should have been submitted to the jury.

*Dzkowski* v. *Reynoldsville Carting Co.*, 155 App. Div. 943, reversed.

(Argued October 6, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 29, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene M. Bartlett* and *William P. Colgan* for appellant. The defendant was negligent in omitting to adopt and enforce a system of signaling or warning to the men in the operation of its traveling derrick. (Shearman & Redfield on Negligence, 202; *Abel* v. *N. Y. C. & H. R. R. R. Co.*, 103 N. Y. 581; *Slater* v. *Jewett*, 85 N. Y. 61; *Besel* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 171;

*Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 391; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 639; *McCarthy* v. *Pennsylvania R. Co.*, 189 N. Y. 170; *McCoy* v. *N. Y. C. & H. R. R. R. Co.*, 185 N. Y. 276; 100 App. Div. 513; 119 App. Div. 531; *Kreigh* v. *Westinghouse Co.*, 214 U. S. 249; *Banchetti* v. *Gorsline & Swan Const. Co.*, 152 App. Div. 275; *Eastwood* v. *Retsof Mining Co.*, 86 Hun, 91; 152 N. Y. 651; *Barrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Knickerbocker* v. *General Ry. Signal Co.*, 209 N. Y. 404.)

*H. W. Huntington* for respondent.   The defendant was not negligent in failing to require a signal to be given by rule.   (*Wynkoop* v. *Ludlow Valve Mfg. Co.*, 196 N. Y. 324; *Kascsak* v. *Central R. R. Co.*, 207 N. Y. 246; *Burns* v. *O. S. I. & M. Co.*, 188 N. Y. 175.)

SEABURY, J.   This is a common-law action to recover damages for injuries sustained through the alleged negligence of the defendant.   The plaintiff was employed by the defendant.   The defendant was engaged in supplying vessels in the harbor of the city of Buffalo with coal by means of a scow.   Upon the scow was a derrick with a swinging boom.   A cable hung from the boom to which the coal buckets in the hold of the scow were attached. The derrick was operated by an engine.   It was what is called a "traveling derrick," and ran up and down on rails or tracks which were over the hold of the scow.   On the day of the accident the plaintiff was engaged in "hooking on" the coal buckets to the cable.   In order to accomplish this work it was necessary for the plaintiff to stand on the crossbar of another bucket with his back to the derrick.   Owing to the nature of the plaintiff's work and the smallness of the space in which the plaintiff was required to do this work he was unable to turn and watch the derrick.   While the plaintiff was thus engaged

and standing upon the crossbar of one of the buckets an excursion boat passed the scow. The scow swayed or rocked from the swell caused by the passage of the excursion boat, and this motion of the scow threw the plaintiff to one side of the scow, and he caught hold of one of the rails upon which the derrick ran. Without any warning or signal having been given to the plaintiff, the derrick moved quietly toward the plaintiff. It ran over the plaintiff's hand which was resting upon the rail and in an effort to save himself his other hand got under the wheel of the derrick. The result of the accident was that plaintiff lost one hand above the wrist, and one arm just below the shoulder. The claim that the defendant was negligent is predicated upon the fact that defendant failed to make and promulgate reasonable rules and regulations requiring its employees who were engaged in the operation of the derrick to warn the plaintiff and those who were working in the hold of the approach of the derrick. It was proven upon the trial that the defendant had not made or promulgated such a rule. At the close of the plaintiff's case, the defendant moved for a nonsuit on the ground that the plaintiff had not shown any negligence upon its part or his own freedom from contributory negligence, and that the plaintiff's injuries were incident to the risks of his employment which were assumed by him. The trial court granted this motion and dismissed the complaint. The judgment entered upon that dismissal was affirmed in the Appellate Division by a divided court. From the judgment thus affirmed the plaintiff appeals to this court.

The above statement, while omitting many details of the proof, sets forth the facts sufficiently to enable us to determine the question of law that is involved. In determining the question presented the plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence. (*Faber* v. *City of New York*, 213 N. Y. 411.) The respondent seeks to sustain

the dismissal of the complaint upon the grounds urged below and upon the further ground that the accident would have happened even if the plaintiff had known that the derrick was coming toward him. This last ground rests upon the claim that the swell caused by the passing of the excursion boat caused the plaintiff to take hold of the rail, and that the swaying of the scow caused by the swell was an occurrence of so extraordinary and unprecedented a nature that the defendant could not be expected, in the exercise of reasonable care, to have apprehended it. This contention seems to me to be unsubstantial and fanciful. Certainly the court cannot rule as a matter of law that the swaying or rocking of the scow might not reasonably be expected to result from the passing of other boats, and a jury might very reasonably conclude that such an effect was naturally to be expected. Nor does the fact that the accident was precipitated by the passing of the excursion boat relieve the defendant from liability if it was caused by its neglect. There is no evidence in the case suggesting contributory negligence on the part of the plaintiff. The evidence presented a question of fact for the jury whether the defendant was negligent in failing to promulgate rules and regulations requiring its employees to give a signal or warning of some kind on the approach of the derrick. The position of the plaintiff and the other workmen in the hold of the scow while attempting to attach the buckets to the cable was obviously one of great danger and peril. The law imposes upon an employer a duty to his employees of diligence and care not only to furnish a place in which to work, but appliances and machinery that are reasonably safe, and the employment of employees who are reasonably skilled and careful, but also, where reasonable prudence requires it, the duty to make and promulgate rules which, if faithfully observed, will give reasonable protection to the employee. (*Knickerbocker* v. *General Railway Signal Co.*, 209 N. Y. 404; *McCoy* v. *N. Y. C. & H. R. R. R. Co.*, 185 N. Y. 276;

*Doing* v. *N. Y., Ontario & Western Ry. Co.*, 151 N. Y. 579; *Abel* v. *President, etc., D. & H. C. Co.* 103 N. Y. 581; *Dana* v. *N. Y. C. & H. R. R.. R. Co.*, 92 N. Y. 639; *Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 332, 339.) It is true, of course, that the employer is only required to make rules to guard against such accidents as may reasonably be foreseen, and is not required to exercise more than reasonable care in determining whether such rules are necessary. (*Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582.) The observance of this duty of prescribing appropriate rules is more necessary where the manner of conducting the work is such that the danger or safety of an employee at any given time depends upon the way in which some other employee is engaged at the same time. When the act of an employee may make the work of another employee dangerous which would be safe if no action were taken, it becomes the duty of the employer to make such rules as will enable those whose safety is put in jeopardy to be advised of the danger so as to be able to avoid it. (*Eastwood* v. *Retsof Mining Co.*, 86 Hun, 91; affirmed, 152 N. Y. 652.) It cannot correctly be said as a matter of law that proper rules promulgated by the employer requiring its employees to give warning to those working in the hold of the scow of the approach of the derrick, was not required by reasonable prudence in view of the obviously dangerous character of the work in which its workmen were engaged. The failure of the employer to adopt any measures whatever to guard against the obvious danger which arose from the method in which the work was conducted, presented a question of fact which should have been submitted to the jury. (*Knickerbocker* v. *General Ry. Signal Co., supra.*) Under the circumstances disclosed the question of the assumption of risk was one of fact to be determined by the jury.

The record under review shows that the evidence presented issues of fact which should have been submitted

to the jury. The judgment and order of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CHASE, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment and order reversed, etc.