## (March 18, 1938.)

CHARLES KANE, as Administrator, etc., of EDWARD KANE, Deceased, Respondent, v. THE COUNTY OF CAYUGA, Appellant.— Plaintiff's intestate died from injuries received when the automobile in which he and three companions were riding overturned. The county was held to be negligent because of failure to maintain the highway properly and for not placing signs of the dangerous and unsafe condition of the road. The car was traveling in a northerly direction upon improved county highway. At the scene of the accident there was an elevation one and four-tenths feet above the general grade of the road. A traveler approaching from the south ascended one and four-tenths feet in going twenty-four feet, then for eight feet the road was level, then a descent of one and four-tenths feet in traveling forty-five feet. During the trial this was called both a " bump " and a " hump." On the up-grade the pavement on the east half was broken. There was a hole estimated by different witnesses from three to six inches in depth and from two to three feet across. On the right side of the road north of the apex there was a ditch varying in depth from eighteen to thirty inches. The survivors testify that while they were proceeding northerly at a legal speed, the driver lost control of the car because of the hole in the pavement and the closely adjacent " bump " and it swerved to the right with the right wheels in the ditch. That after running a short distance the driver regained control and sought to bring the car back onto the pavement when the front right wheel struck a large boulder or obstruction in the ditch and the car swerved to the left, crossed the highway and overturned. The appellant asks for a reversal of the judgment and a new trial on account of two alleged errors on the trial. (1) Plaintiff offered in evidence a map. The horizontal scale was one inch to twenty feet. Above this on the same sheet was a profile drawn to scale of one inch to two feet. The difference in scale was discussed and the jury were not deceived and the defendant was not prejudiced. (2) Defendant's witnesses testified to observing tracks on the pavement and shoulder of the road. The trial court refused a request to charge that if the jury found that the car was not in the ditch plaintiff could not recover. The respective theories of the plaintiff and defendant as to the location of tracks and the distance which the car traveled in the ditch were not sufficiently definite to require the charge requested, and the modification thereof by the trial justice was not error. The evidence presented a question of fact as to defendant's negligence. (Faber v. City of New York, 213 N. Y. 411; Terry v. Village of Perry, 199 id. 79; Butler v. Village of Oxford, 186 id. 444; Durr v. N. Y. C. & H. R. R. R. Co., 184 id. 320; Beltz v. City of Yonkers, 148 id. 67; Moshier v. City of New York, 190 App. Div. 111; Wensley v. City of New York, 173 id. 248.) Judgment and order affirmed, with costs. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., concurs in the result, with a memorandum. McNamee, J. (concurring). There was evidence in the case of substantial defects in the road, apart from the " hump," and these would justify a jury finding the county negligent. I regard the engineer's exaggerated drawing, the so-called profile map, which was

received in evidence, as clearly inadmissible. It constituted a sheer distortion of the hump that it was offered to represent. Diagrams, photographs and maps are received in evidence because they "fairly represent" at the time of reception facts or conditions in dispute; and that quality is the foundation essential to their admission. This map could not be qualified by any such proof. It did not fairly represent, but misrepresented the thing which it delineated.