ANNA BEUTENMILLER et al., Appellants, v. WEST END TAVERN, INC., Respondent.— Action to recover damages for personal injuries and for loss of services and expenses incidental thereto, tried by the court without a jury. At the end of the plaintiffs' proof on the issue of liability, the parties submitted that issue

for determination, it being agreed that if the court found in favor of plaintiffs on that question it would thereafter take proof as to damages. Thereupon, defendant moved to dismiss the complaint and the motion was granted. Plaintiffs appeal from the order and the judgment entered thereon. Judgment affirmed, with costs. By the procedure adopted in the trial court, the case was submitted in such a way as to permit the court to weigh the evidence and to determine the facts. The dismissal of the complaint was a final determination on the merits (Civ. Prac. Act, § 482) and we are unable to find that a contrary determination was required by the evidence. (Cf. *Neuberger* v. *Keim,* 134 N. Y. 35, 39; *Griffen* v. *Mechanics & Traders' Bank,* 61 App. Div. 434.) Appeal from order dismissed, without costs. No such order is printed in the record. Nolan, P. J., Wenzel and Murphy, JJ., concur; Schmidt and Beldock, JJ., concur in the dismissal of the appeal from the order, but dissent as to the affirmance of the judgment and vote to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiffs, husband and wife, accompanied by a niece and another relative, since deceased, were patrons of the defendant's restaurant. After completing their meal, and while walking to an exit from the dining room through an area which was also used by defendant's employees to go to and from the kitchen, as well as by other patrons, the plaintiff wife sustained personal injury from a fall which she claims was caused by foreign substances on the floor of the premises. The evidence discloses that after the fall, said plaintiff's coat and dress had matter on them which looked like carrots, and the floor was wet with a reddish, yellowish, greasy substance that looked like soup. The husband and niece both stated that they noticed the wet floor, and the substance which looked like carrots on the said plaintiff's clothes, after the accident. The record is devoid of proof as to the length of time the foreign substance was on the floor, nor do the plaintiffs claim that the defendant had notice of the condition. Rather, they assert that they are entitled to a presumption that the defendant, through its employees, created the condition because they were the only ones with access to the area where the accident occurred who would have had vegetables and greasy liquids in their possession and who could have dropped such matter and wet the floor therewith. In view of the procedure followed in the trial court, the disposition below was a determination on the merits, as respects commencement of a new action, and plaintiffs are not presently entitled to every favorable inference that may be drawn from the evidence. However, the opinion of the court below shows that its dismissal of the complaint was based not on a weighing of the evidence but on a holding that plaintiffs had failed, as a matter of law, to raise an issue as to whether the condition complained of was created by the negligence of defendant's employees. In our view plaintiffs are entitled to the aforementioned presumption that defendant created the condition (*Faber* v. *City of New York,* 213 N. Y. 411; *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176, 179; *Stubbs* v. *City of Rochester,* 226 N. Y. 516, 527; *Hart* v. *Hudson Riv. Bridge Co.,* 80 N. Y. 622, 623); hence they established a prima facie case and the aforesaid holding was erroneous. [See *post,* p. 892.]