■ ADAH STEELE et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 32785.) — This is an appeal by the State of New York from a judgment of the Court of Claims awarding the claimant, Adah Steele, the sum of $3,010.81 damages for personal injury and property damage, and the claimant, J. Richard Steele, her husband the sum of $1,078.44 damages for medical expenses and loss of her services. These awards against the state resulted from a highway accident which occurred on Route 23-A in the Town of Catskill, Greene County, New York, on June 28, 1954, at 5 o'clock in the afternoon, when a motor vehicle being driven by Adah Steele allegedly struck depressions, holes, mounds and bumps in the highway, causing her car to leave the highway and overturn. She received certain personal injuries in the accident. Respondents claimed that the crash was caused by the failure of the State of New York to maintain the highway in question in a reasonably safe condition for the passage of motor vehicles. Respondents' witnesses described the depressions and holes as large as three feet in diameter and from two to six inches in depth.

The mounds or "heaves" were described as two to four inches in height. There was testimony that the pavement was uneven, full of cracks and that there were holes therein of all shapes. At least one of these witnesses lived a quarter of a mile from the scene of the accident and travelled the road constantly. In the face of this evidence, it was rather astonishing to read the testimony of the Resident Engineer and a State Trooper, sworn by the State, to the effect that the road at the time was "smooth", "fairly smooth", "level", "not rough" and that there were no holes, depressions, mounds or bumps in the area where the accident occurred. Charitably stated, one group of witnesses or the other were completely mistaken as to the condition of the highway on the date in question. It would seem that photographs taken following the accident, with a proper foundation and connection would have shed considerable light on this sharp conflict in the evidence. There was no testimony of any patching in the area involved. The trier of the facts, accepting the testimony of claimants' witnesses, was justified in finding the State negligent (*Kane* v. *County of Cayuga*, 254 App. Div. 613; *Dekowski* v. *County of Montgomery*, 263 App. Div. 697). Respondent, Adah Steele's, contributory negligence also presented a question of fact which has been resolved in her favor. On this record, we see no reason to disturb the judgment. Judgment affirmed, with costs to the respondents. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.