■ LUCINDA JOHNAKIN et al., Appellants, v. SYSTEMIZED MANAGEMENT ASSOCIATES, LTD., et al., Respondents.— In an action to recover damages for personal injuries and for loss of services and expenses incidental thereto, plain-

tiffs appeal from a judgment of the Supreme Court, Kings County, entered July 7, 1966, in favor of defendants upon the trial court's dismissal of the complaint after the jury's inability to agree upon a verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered. Plaintiff Lucinda Johnakin was employed as a domestic by a tenant in an apartment building owned by defendants Goldfarb and Linden. At about 2:30 P.M. on the day of the accident, as she stepped out of the elevator and proceeded toward the service entrance of her employer's apartment, she accidentally stepped on the head of a mop, which caused her to fall and sustain the injuries complained of. She testified she did not see the mop before stepping on it but afterwards recognized it as the type used by the porter in the course of his duties as an employee of defendants. She said the place where she fell was wet. She further testified that she saw the building superintendent, who had been called to her assistance, place the mop in the utility closet opposite the passenger elevator. The porter, called as a witness for plaintiffs, testified that on the day of the accident he had finished mopping the floor at about 12:00 noon and that he had then placed the mop in the closet. However, in a prior statement which had been reduced to writing and subscribed by him he had said that on the day of the accident he had been mopping the floor in question at around 2:30 P.M. when he was called to assist another porter in another part of the building. He further stated that he leaned the mop against the wall near the utility closet, that it fell down after he got into the elevator, and that he did not bother to stop the elevator and pick up the fallen mop. Granting to plaintiffs every favorable inference which may be drawn from the proof, to which they were entitled on the motion to dismiss the complaint, we find a question of fact is presented as to whether the condition complained of was created by defendants' employee (*Faber* v. *City of New York*, 213 N. Y. 411; *Dillon* v. *Rockaway Beach Hosp. & Dispensary*, 284 N. Y. 176; *cf. Beutenmiller* v. *West End Tavern*, 285 App. Div. 820, affd. 1 N. Y. 2d 652). Rabin, Benjamin and Munder, JJ., concur; Beldock, P. J., and Brennan, J., dissent and vote to affirm the judgment.