JAMES B. TITMAN, as Administrator, etc., and SARAH E. O'MALLEY, as Administratrix, etc., Plaintiffs, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Defendant.

*Statute of limitations — action for death caused by the negligence of a municipal corporation — when it falls within chapter 572 of 1886.*

An action brought for the alleged wrongful causing of death by negligence, is an action "for damages for personal injuries alleged to have been sustained by reason of the negligence" of a municipal corporation, within the meaning of chapter 572 of the Laws of 1886, and is barred by the one-year statute of limitation.

EXCEPTIONS ordered to be heard in the first instance at the General Term, after a trial at the New York Circuit, on the 14th day of October, 1889, at which the plaintiff's complaint was dismissed by the court and the exceptions taken, and the rulings on the trial were directed to be heard at the General Term in the first instance, with a stay of proceedings until the determination thereof.

The complaint alleged, among other things, the following:

*Second.* That Tenth avenue, in the city of New York, between One Hundred and Forty-third and One Hundred and Forty-sixth streets, and to a greater extent both north and south, is one of the streets of the said city of New York, and the obligation is imposed upon said city, by virtue of its charter, to keep the same in good order and in a secure and safe condition.

*Third.* That the said defendant, disregarding and neglecting its duty in this respect, on the 8th day of January, 1887, and for a long time prior thereto, suffered and allowed the said avenue, and particularly that portion on or about the intersection of said avenue with One Hundred and Forty-fourth street, to be and to remain, to its knowledge, in an unsafe and dangerous condition for persons riding or passing thereon, by reason of a large stone which was negligently and wrongfully suffered to remain for a long period of time upon said avenue.

*Fourth.* That on or about the 8th day of January, 1888, between the hours of six and seven o'clock in the afternoon, the plaintiff's intestate, Thomas O'Maley, was passing along said avenue, at the point aforesaid, and without any fault or negligence on the part of him, the said Thomas O'Maley, the sleigh or vehicle in which he was riding came suddenly in contact with the said large stone so carelessly and negligently left, as aforesaid, upon the avenue, so that the said Thomas O'Maley was thrown from the said vehicle to the avenue, and in so falling struck and fell violently upon his head and other portions of the body, whereby he was fatally injured, so that thereafter from the effects of said injuries he died, to these plaintiffs' damage in the sum of $5,000.     *   *   *

*Seventh.* That, on the 4th day of January, 1889, these plaintiffs, in accordance with the statutes made and provided, duly presented a claim against the Mayor, Aldermen and Commonalty of the City of New York for the sum of $5,000, as damages for the wrongful

act and neglect of the said defendants, by which the death of the said Thomas O'Maley was caused, being the same claim sued upon in this action.

*Eighth.* That, though thirty days have expired since the presentation of said claim, no part of the same has been paid.

*L. Laflin Kellogg,* for the plaintiffs.

*Thomas P. Wickes,* for the defendant.

BARTLETT, J.:

The plaintiffs brought this action to recover damages, under section 1902 of the Code of Civil Procedure, for the wrongful act, neglect or default of the defendant in causing the death of Thomas O'Maley, by leaving a large stone in Tenth avenue near One Hundred and Fourty-fourth street, in the city of New York, which upset the sleigh in which Mr. O'Maley was riding on January 8, 1887, and threw him out. He died from the injuries thus received on January 21, 1887.

On February 4, 1887, letters of administration on the estate of Mr. O'Maley were issued to the plaintiffs. On January 4, 1889, the claim in suit was presented to the comptroller of the city of New York, and its settlement and adjustment were demanded, but it has not been settled or paid.

This action was begun on February 6, 1889. Upon the trial at Circuit the complaint was dismissed on two grounds, which are stated in the record as follows: 1. That, by the Laws of 1886, plaintiffs had one year and thirty days after the issuing of letters of administration in which to commence this action. 2. That the plaintiff did not have over two years from the death of the decedent in which to commence this action.

Upon these rulings the only questions which arise on the present appeal are, (1) Whether the plaintiffs' cause of action is barred by chapter 572 of the Laws of 1886; and, (2), Whether it is barred by section 1902 of the Code of Civil Procedure.

Chapter 572 of the Laws of 1886 provides as follows: "No action against the mayor, aldermen and commonalty of any city in this State having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department,

board, officer, agent or employee of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer within six months after such cause of action shall have accrued."

If an action for wrongfully causing death by negligence is " an action for damages for personal injuries alleged to have been sustained by reason of the negligence " of the defendant as a municipal corporation, then the one-year limitation prescribed by this statute is applicable to the case at bar and the complaint was properly dismissed.

The learned counsel for the plaintiff insists that this is not an action for personal injuries at all, but a special statutory action growing out of a death caused by the wrong-doing of the defendant; that it is based wholly on the injury done to the estate and property of the decedent; and hence that it does not fall within the purview or terms of the act of 1886.    On the other hand, the counsel to the corporation refers to the definition of personal injury in the Code itself as conclusive in regard to the meaning of the statute. " A ' personal injury ' includes libel, slander, criminal conversation, seduction and malicious prosecution ; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff or of another." (Code Civil Pro., § 3343, subd. 9.)    It is to be noted, however, that the Code does not assume to apply this definition to the construction of other statutes, the section cited beginning with the words :   " In construing this act, the following rules must be observed," etc.

The question is not free from difficulty, but I cannot resist the conclusion that the phrase " personal injuries " as, used in chapter 572 of the Laws of 1886, was employed in a less restricted and technical sense than that which the plaintiffs' counsel would give it.    Notwithstanding the distinctions which exist between the action for negligently causing death and the action for negligently causing bodily harm not resulting in death, I think nine lawyers out of ten would ordinarily speak of both as actions for personal injuries.    And it seems to me that the legislature has spoken in the same way in the act of 1886.    An injury to the person gives rise to both classes of actions,

and that injury is the prominent idea associated with a negligence suit involving death, just as much as with a negligence suit involving less serious results. Until the passage of Lord CAMPBELL's act in England, and similar statutes in this country, if the injured person died in consequence of his injuries, no damages were recoverable against the party by whose wrongful act or negligence he had suffered. It is undoubtedly true that in a technical sense the statute gives a new cause of action. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y., 465; *Littlewood* v. *Mayor*, 89 N. Y., 24.) Substantially, however, and considering the nature of the redress to be afforded, it is a continuation of the original cause of action for the benefit of those dependent on the services or bounty of the deceased, and who have been injured by the personal wrong done to him. The statute, says Judge COOLEY, "continues for the benefit of the wife, husband, etc., a right of action which, at the common law, would have terminated at the death, and enlarges its scope to embrace the injury resulting from the death." (Cooley on Torts, 264.) In other words, the right of action growing out of what was clearly a personal injury, in the most restricted sense, is practically, though not technically, continued and extended by the statute. As RAPALLO, J., points out in *Littlewood* v. *Mayor* (*supra*), the statute "was intended to apply to the case of a party who, having a good cause of action for a personal injury, was prevented by his death which resulted from such injury from pursuing his legal remedies, or who omitted in his lifetime to do so." Such being the purpose of the change in the common law, I think the action thus authorized may reasonably and naturally be called an action for damages for personal injuries; and I have no real doubt that it was the intention of the legislature to apply the one-year limitation to suits of this character against municipal corporations by the enactment of chapter 572 of the Laws of 1886.

This view renders it unnecessary to discuss the question whether the cause of action was barred by the two-years limitation, and requires an affirmance of the action of the court below.

Exceptions overruled and judgment ordered for defendant.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Exceptions overruled and judgment ordered for defendant.