REISS v. TOWN OF PELHAM.

WEBER v. SAME.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—AVAILABLE FUNDS.
    Where a town interposed a defense of lack of funds in an action against it for damages caused by a defective highway, it was not error to set aside a judgment in its favor and grant a new trial on the ground of newly-discovered evidence of possession or availability of funds.

2. HIGHWAYS—WIDENING BY VILLAGE — BRIDGES — DANGEROUS CONDITION — NEGLIGENCE—PROXIMATE CAUSE—LIABILITY OF TOWN.
    A village street, formerly of the same width as a bridge, was widened by village authorities, leaving the bridge in the middle of the street. The

bridge was without approaches, and hand rails thereon extended five feet into and along the street as widened, though it was not defective as an independent structure. *Held*, in an action against the town for damages caused by coming in contact with a hand rail while driving on such street, where no dangerous condition was shown to have existed long enough to charge constructive notice thereof, that no recovery could be had, since the proximate cause of the injury was the negligent act of the village in widening its street, over which the town had no control, and for which it was not liable

Appeals from trial term, Westchester county.

Actions by August Reiss and Charles Weber against the town of Pelham. From judgments in favor of defendant, plaintiffs appeal; and from orders granting new trials (62 N. Y. Supp. 607), defendant appeals. Judgments affirmed. Orders granting new trials reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George C. Appell, for plaintiffs.
Henry G. K. Heath, for defendant.

HIRSCHBERG, J. The cases were tried together, and the appeals have been argued together upon a single record. The plaintiffs claim to have been injured in September, 1898, while driving at night upon Third street, in the village of Pelham, in Westchester county, their horse coming in violent contact with the edge of the side or hand rail of a bridge which spans a small stream, called the "Hutchinson River." This stream appears to be the dividing boundary between the village of Pelham and the city of Mt. Vernon. So far as concerns this boundary line the village of Pelham and the defendant, the town of Pelham, are territorially identical, each municipality being bounded in that direction by the center of the river. The bridge is half in the village of Pelham, and half in the city of Mt. Vernon. Third street, as originally laid out, was of the same width as the bridge; and in the month of March, 1898, the street and bridge formed a safe, continuous highway. In that month, however, the village authorities concluded to widen the street, and the work of such improvement was given to a contractor, by whom it was probably completed at the time of the accident, although not actually accepted by the village until October,—one month afterwards. The result of the widening of the street was to leave the bridge in the middle of it, and the accident complained of appears to have resulted from this fact alone, and not from any defect or lack of repair in the bridge itself, excepting such as may have been occasioned by the acts of the village or its contractor. The bridge was built without any structural approaches other than the village and city streets, respectively; the improvement in the street being carried up to the edge of the bridge planking, and the hand rail referred to being left by the village contractor extending over and along the street a distance of about five feet. The verdict was in favor of the defendant. Among other defenses, the defendant asserted the absence of funds in the possession of or available to the commissioner of highways of the town, and after the rendition of the verdict the learned trial justice set it aside as to each case, and or-

dered a new trial, on the ground of newly-discovered evidence relating to the possession or availability of funds by the commissioner of highways. In this exercise of discretion we find no error, and the orders should be affirmed, unless the facts disclose a condition which negatives the existence of legal liability for the accident on the part of the defendant. After a thorough examination of the evidence and the authorities cited by the plaintiffs, we have reached the conclusion, however, that the dangerous condition of the highway in the village of Pelham, where the accident occurred, was due to the fact that the widening of the village street rendered the very existence of the bridge a menace, which of itself did the mischief, and that the accident, therefore, was not due in any degree to negligence with which the defendant is legally chargeable. There was no defect in the bridge itself, regarded as an independent structure. It was properly constructed as an independent and safe means of crossing the stream, and was of the width of the highways approaching it in either direction; and, when the village authorities saw fit to widen the village street, they deliberately left the bridge, as lawfully and safely constructed, a dangerous obstruction to travel, in view of the new and changed condition, which it was their duty to mitigate by some appropriate safeguard, rather than the duty of the town authorities, who had no control over the village improvement, and no authority to guide or direct its accomplishment in any respect. The case is no different in principle than it would have been had the street been so far widened that the plaintiffs could have driven by the bridge altogether, and so into the stream. The proximate cause of the accident was the negligence of the village, not of the town. The accident happened, primarily, not because of the failure of the commissioner of highways to do his duty in any respect within his official jurisdiction, but because of the fact that a safe bridge, constructed and maintained in a safe condition by him or by his predecessors had been converted by the village into an unsafe obstruction on the village highway. The injuries complained of resulted from an act of commission, and not from any act of omission; and the act of commission was committed by a municipal government other than the defendant, and which act the defendant was legally powerless to prevent, and which it was without authority to supervise and direct. The gist of the complaint is the existence of a dangerous obstruction to the village highway, and no charge is made of any defect in the bridge itself. As has been said, there was no defect in the bridge, except such as related to the condition and character of the village street, and which rendered travel on that street dangerous, because there was a lawful and safe bridge across the stream, but which the village authorities had rendered unsafe when approaching it in the night, because they had widened the highway leading to it beyond the width of the bridge. We are cited no case which holds that one municipality may be held responsible in this way for the damages occasioned by the negligent acts of another having jurisdiction in the subject-matter, and we therefore conclude that in the absence of evidence showing the existence of the condition complained of for a sufficient length of time to charge the town, through

its commissioner of highways, with constructive notice, so that in-, dependent negligence may be attributed to it, it cannot be held in law to respond in damages for the affirmative, negligent act of the village.

The order granting new trial on newly-discovered evidence should be reversed, and judgment affirmed, in each case, with one bill of costs. All concur.