HARLEY D. SMITH, as Administrator, etc., of GERTRUDE D. SMITH, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.*

(Claim No. 22300.)

Court of Claims, July 9, 1934.

*Herrick & Leet* [*Ernest D. Leet* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General*, and *Frank Gibbons* of counsel], for the defendant.

RYAN, J. Upon the previous trial of this claim we held that the claimant had failed to establish any negligence on the part of the State's employee (*Smith* v. *State of New York*, 148 Misc. 524).

Upon appeal to the Appellate Division, Fourth Department, our decision was reversed with the statement " the finding that the

* Affd., 243 App. Div. 682.

State's employee, Archie Kelsey, was free from negligence causing the accident which resulted in the death of Gertrude D. Smith, claimant's intestate, was against the weight of evidence," and a new trial ordered for the reason we had made no assessment of damages and " no finding as to the care or lack of care of the claimant's intestate." (241 App. Div. 656.)

Upon the retrial all of the evidence taken at the first trial was stipulated into the record. The only new testimony offered as to the happening of the accident was that of one Nyburg, who operated a gas station 100 feet away. He was inside his station and did not see the accident and knew nothing of it until two men came in and asked for a telephone. He called the coroner and then went outside. Mrs. Smith's body was there and the mail carrier Fardink's car was there and a third automobile stood in front of it empty. The truck involved in the accident was there. He testified he did not see the third car go away; that he did not know if the two men who came into his place of business were from the third car or not and that they were strangers.

It is urged by the defense that this testimony has cured the defect of the first trial in respect to the vagueness surrounding the third automobile and the part it played in the accident. Counsel urges that the plain inference from all the testimony is that Mrs. Smith in crossing the road toward the mail box approached the northerly side of the pavement, saw for the first time this car approaching her from the direction of Jamestown and to avoid a collision with it she turned back and became involved with the truck owned by the State and operated by Kelsey.

The decision of the higher court has determined the law in this case. The burden is now upon the defense to show that Mrs. Smith was guilty of contributory negligence. In this we think the defense has failed and under this view it is, therefore, necessary to make an award in favor of the claimant.

Claimant's intestate was fifty-three years of age, in good health and attending to the ordinary duties of a farm housewife, in addition to caring for a daughter twenty-four years of age crippled from infancy as the result of infantile paralysis. The funeral expenses amounted to $235 and we find an award in the amount of $7,735.

Judgment may be entered accordingly.

BARRETT, J., concurs.