HARLEY D. SMITH, as Administrator, etc., of GERTRUDE D. SMITH, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 22300.)

Court of Claims, November 10, 1934.

*Herrick & Leet* [*Ernest D. Leet* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General,* and *Frank Gibbons* of counsel], for the defendant.

RYAN, J.  Upon the first trial of this claim we found that claimant had failed to establish any negligence on the part of the State's employee and dismissed the claim upon the merits.  (*Smith* v. *State,* 148 Misc. 524.)

Upon appeal to the Appellate Division, Fourth Department, our decision was reversed with the statement that " the finding that the State's employee, Archie Kelsey, was free from negligence causing the accident which resulted in the death of Gertrude D. Smith, claimant's intestate, was against the weight of evidence," and a new trial ordered for the reason we had made no assessment of damages and " no finding as to the care or lack of care of the claimant's intestate " (241 App. Div. 656).

A second trial was had. We found that the defense had failed to establish that claimant's intestate was guilty of contributory negligence and gave an award to the claimant. (154 Misc. 849.) An appeal from the judgment entered upon this decision is pending.

Upon the first trial, and upon the second trial as well, the defense objected to the jurisdiction of this court to hear and determine the claim upon the ground that section 12-a of the Court of Claims Act does not provide for a claim for damages for death by wrongful act. Claimant had complied with the provisions of section 12-a as to filing his claim. He had not, however, complied with the provisions of section 15 because no claim or notice of intention was filed with the clerk of the Court of Claims until May 17, 1932, more than six months after the happening of the accident on August 19, 1931.

During the time which intervened between the first trial of this claim and the decision of reversal thereupon by the Appellate Division in the Fourth Department, this court heard and determined another claim alleging damages for death by wrongful act of a State employee (*Burge* v. *State*, Claim No. 22167). Therein, upon motion duly made, we granted an order dismissing the claim upon the ground of non-compliance with the provisions of section 12-a. In doing so we believed that the decisions of the Court of Appeals in *Smith* v. *State* (227 N. Y. 405) and *Jackson* v. *State* (261 id. 134) were controlling. We had followed these decisions in our first determination herein and at the same time had called attention to the fact that other death claims had been adjudicated under section 12-a (*Alice V. Miller* v. *State*, 231 App. Div. 363, affg. 137 Misc. 768; also *Charles M. Miller* v. *State*, 148 id. 184). Likewise we were aware that in affirming the *Alice Miller* case the Appellate Division in the Third Department had said: " By sections 12 and 26 of the Court of Claims Act * * * the State waived its immunity from action and nothing more. Its immunity from liability for the tortious acts of its officers and agents was not thereby waived."

However, our order in the *Burge* case has been reversed by the Appellate Division in the Third Department " upon the ground that by section 12 of the Court of Claims Act the State waives its immunity and jurisdiction is granted to the Court of Claims in a death case, and section 15 of the Court of Claims Act fixes six months as the time within which the notice of claim must be filed, while * * * section 12-a * * * does not include the statutory action granted a representative of a deceased person who has come to his death through injuries received by negligence of the State." (*Burge* v. *State*, 242 App. Div. 721.)

This decision was given under date of July 6, 1934, but did not come to the attention of this court or of counsel herein until some days thereafter. In the meantime the second trial of this claim having proceeded in due course, the court under date of July 9, 1934, rendered its decision as hereinabove set forth. (154 Misc. 849.) As we said, an appeal is pending from our last decision in this claim. Nevertheless the defense has now moved this court to set aside its judgment of July, 1934, upon the ground of the decision of the Appellate Division in the Third Department in the *Burge* case. Upon the conclusion of the oral argument on this motion counsel and the court were in agreement that decision should be withheld to await the decision by the Court of Appeals in the *Burge* case, it being then understood that the Attorney-General had taken an appeal. We are now informed that such an appeal will not be prosecuted and we, therefore, proceed to dispose of the present motion.

We think the motion must be denied. There being an apparent conflict between two Departments of the Appellate Division of the Supreme Court of the State, a question presents itself which is not for us to decide. With due respect to the learned justices of the Appellate Division in the Third Department, we believe that the law in this case has been made and that we must follow the direction given us by the Appellate Division in the Fourth Department. Having determined, upon the second trial, the issue of contributory negligence of the deceased adversely to the defense, we must uphold our decision and deny the motion to set it aside. Enter order accordingly.

BARRETT, J., concurs. .