ARTHUR A. TEBEAU, as Administrator, etc., of JOHN TEBEAU, Deceased, Appellant, v. TOWN OF HANNIBAL, OSWEGO COUNTY, N. Y., Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: There was a nonsuit in this case on the ground that the proof of claim filed with the town did not sufficiently identify the place of the accident as required by section 67 of the Town Law and section 215 of the Highway Law. The notice of claim contained the following: " that as such administrator he [the plaintiff] has a claim for damages for causing the death of said John Tebeau against the Town of Hannibal in the County of Oswego, New York, sustained by reason of a defect in one of its highways known as Gifford Road and being the road extending northerly from Route 176 to the road extending between South Hannibal and Hannibal, Oswego County, New York * * *. That said John Tebeau was driving an automobile upon said public highway on September 24, 1937 at about 12:00 o'clock noon at or near the farm of one ———— Green abutting said public highway when said automobile struck a large stone or other impediment in said public highway causing the same to swerve to the shoulders and slide on the loose gravel and stones located thereupon and causing said automobile to be overthrown and said John Tebeau to sustain injuries from which he died on September 25, 1937. That said accident and death of said decedent was caused without any fault on the part of said decedent contributing thereto and was caused solely by reason of the failure and neglect of the Town of Hannibal, its Superintendent of Highways, Road Commissioner and its officers, agents and servants to remove said stone or obstruction in said public highway on the traveled portion thereof by the permitting to remain in said highway of an obstruction to the safe use thereof, to wit: permitting to remain in the traveled portion of said highway of a large stone and indentures (sic) surrounding the same." We are of the opinion that these clauses in the proof of claim gave sufficient notice to the town to enable the town to identify the object which brought about the accident under investigation in this action. (Denecke v. Property Collaterals, Inc., 279 N. Y. 105; Sweeney v. City of New York, 225 id. 271; Dinsmore v. City

*of New York,* 221 App. Div. 755; *Griffin* v. *Town of Ellenburgh,* 171 id. 713.) It was shown on the trial that the accident occurred about two hundred and fifty feet from the dwelling house on the Green farm where a stone was imbedded in the traveled part of the highway. All concur, except Crosby, J., who dissents and votes for affirmance. (The judgment dismisses the complaint in a negligence action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.