CHARLES E. HAWKINS, as Administrator of the Estate of DONALD HAWKINS, Deceased, Respondent, v. COUNTY OF ONEIDA, Appellant.

Fourth Department, March 15, 1944.

*Pirnie Pritchard* for appellant.

*James M. O'Hara* and *Francis J. Adler* for respondent.

HARRIS, J.  On August 25, 1941, while he was a passenger in an automobile which was traveling on a county highway in the County of Oneida, the plaintiff's intestate, then a youth of fourteen years, met his death through an accident.  The accident came about through the automobile's leaving the road and hitting a tree which was located near the road.  The plaintiff-respondent here in his complaint claims that such accident occurred because of the negligent construction and maintenance of such highway.  The defendant-appellant, the County of Oneida, moved below for dismissal of the complaint and such motion was denied at Special Term.  (*Hawkins* v. *Oneida County,* 38 N. Y. S. 2d 844.)  Review of this order of the Special Term is sought here.

The ground for the motion to dismiss the complaint and the reason advanced for reversal are that a notice of claim and of intention to sue should have been served on the county clerk or on the chairman of the board of supervisors of the defendant county, in accordance with the provisions of section 6 of the County Law.  The plaintiff-respondent, in serving such notice of claim and of intention to sue the county, made service on the clerk of the board of supervisors and on the county attorney.  (County Law, § 6-a.)  The sole question before us is whether the service as made by the plaintiff-respondent is sufficient to sustain the complaint herein, or whether service not having been made in accordance with the provisions of section 6 of the County Law the plaintiff-respondent has lost any right to sue the defendant county.

At the time of the accident and death of the plaintiff's intestate, the two sections of the County Law under discussion read, and now read (so far as is pertinent here) as follows:

Section 6. "When, by law, a county has charge of the repair or maintenance of a road, highway, * * * the county shall be liable for injuries to person or property sustained in consequence of such road, highway, * * * being defective, out of repair, unsafe, dangerous or obstructed existing because of the negligence of the county, its officers, agents or servants. A civil action may be maintained against the county to recover damages for any such injury; but the county shall not be liable in such action unless a written claim for such damages, verified * * * shall within three months after the happening of the accident or injury or the occurrence of the act, omission, fault or neglect out of which or on account of which the claim arose, be served upon the county clerk or chairman of the board of supervisors, and the action is commenced within one year after such damages or injuries were sustained, but no such action shall be commenced upon such claim until the expiration of three months after the service of such claim or a copy thereof. * * *."

Section 6-a. "Any claim against the county, not specified in section six of this chapter, for damages for death or for injury to person or property, invasion of personal or property rights of every name and nature whatsoever, * * * and any other claim for damages for death or injury to person or property, arising at law or in equity and enforceable or sought to be enforced at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of a county or any of its agents, officers or employees, must be presented in writing to the clerk of the board of supervisors of the county and to the county attorney, if any, within three months after such damages or injury to person or property were sustained. * * * If it is intended to commence an action on such claim against the county, notice of such intention, containing the amount demanded and the time and place of the injury must also be served on the county attorney of the county, if any, or if there be no county attorney in such county, upon the clerk of the board of supervisors, within three months after such damages or injuries were sustained."

The complaint contains no allegation that any notice of claim or intention to sue whatsoever was served or filed. Failure to so plead ordinarily would make the complaint subject to attack

for insufficiency. (*Reining* v. *City of Buffalo*, 102 N. Y. 308, 310; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 202; *MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Kaplan* v. *City of Poughkeepsie*, 279 N. Y. 153.) But that ground of attack was not raised below, nor is it raised here, so it is not considered in the disposition of this appeal.

To consider the question before us we turn to the origin, history and contents of the two sections of the County Law to which reference has been made above. Section 6 was added to the County Law by the Laws of 1917 (ch. 578), and the original section 6-a by the Laws of 1931 (ch. 220). Section 6 is headed " County liable for injuries caused by defective highways and bridges." The original section 6-a was headed " Presentation of claims for injury to person or property." By the Laws of 1936 (ch. 865), section 6-a was repealed and " in place thereof " was adopted the present section 6-a, which is headed " Presentation of certain other claims." It is to be noted that in section 6 is the following: " * * * the county shall be liable for injuries to person or property sustained in consequence of such road, highway, * * * being defective, out of repair, unsafe, dangerous or obstructed * * *. A civil action may be maintained against the county to recover damages for any such injury; * * * " and in section 6-a is the following: " Any claim against the county, not specified in section six of this chapter, for damages for death or for injury to person or property, * * *."

Does the use of the words " not specified " in section 6-a serve to bring within section 6-a only suits for damages not due to highway defects, or does such use of the words " not specified " go further and draw attention to the fact that section 6 does not specifically mention losses coming from death? The purpose of the enactment of section 6-a was to set forth the procedure available to those having a cause of action not specified in section 6, because of wrongs attributed to a county. The very contents of section 6-a in its original enactment show the intention of the Legislature that the enactment of the statute was remedial legislation. A remedial statute in derogation of the common law is to be given its full purpose, but it is to be strictly construed. (*Nelson* v. *Board of Higher Education*, 288 N. Y. 649; *Transit Commission* v. *Long Island R. R. Co.*, 253 N. Y. 345; *Westchester County S. P. C. A.* v. *Mengel*, 266 App Div. 151.) As death claims are not specifically specified in section 6, it is fair to assume that in using the words " not specified " the Legislature intended that section

6-a cover death claims whether arising from highway accidents or defects or from some other cause. (*Matter of Kaplan v. Peyser*, 273 N. Y. 147, 149–150; *People ex rel. Powott Corp. v. Woodworth*, 260 App. Div. 168, 172; *Bishop v. Chicago Rys. Co.*, 303 Ill. 273; in reference to the use of the word "specified", see dissenting opinion of KELLOGG, J., in *Davis v. Cayuga Operating Co.*, 217 App. Div. 675.) Section 6 and section 6-a are to be construed together, so that both may operate in harmony (*Matter of Kaplan v. Peyser*, 273 N. Y. 147, 149–150) and afford additional evidence of the trend of the waiver of immunity by the State for its subdivisions, the counties. The boundaries of such waiver of immunity are ever-widening. (*Holmes v. County of Erie*, 266 App. Div. 220, affd. 291 N. Y. 798, no opinion.) Suits for damages caused by death by reason of defects in county highways have been based on notices of claim served under section 6. (*Khoury v. County of Saratoga*, 267 N. Y. 384; *Williams v. County of Saratoga*, 266 App. Div. 431, affd. 291 N. Y. 782.) In *Huston v. County of Chenango* (278 N. Y. 646) the notice of claim was served on all of the county officials mentioned in both sections 6 and 6-a. In none of these three cases was the question now under discussion raised. In certain suits against municipalities for damages arising from death, such suits have been regarded as causes of action for personal injury or for property damage so far as statutes required notices of claim to be served under such statutes (*Titman v. Mayor, etc., of New York*, 57 Hun 469); but on this question differing opinions are to be found in *Crapo v. City of Syracuse* (183 N. Y. 395). Basically, the complaint now under review is one brought under the provisions of section 130 of the Decedent Estate Law. (*Greco v. Kresge Co.*, 277 N. Y. 26.) In deciding the question of the sufficiency of the complaint, which is now before us, we must give full effect to section 130 of the Decedent Estate Law and any statute which will afford to a suitor the remedy provided in such section 130 of the Decedent Estate Law. No violence to reason nor disregard for precedent occurs if the view is taken that by the enactment of section 6-a and its re-enactment, as it now exists, the Legislature made sure that those seeking damages in death actions (including those due to highway defects or construction) were given the benefit of the waiver of immunity on behalf of the county by the State. This latter expressed thought can be well based on the significant verbiage now heading section 6-a, " Presentation of certain other claims ", when one considers the heading of section 6, " County liable for injuries caused by

defective highways and bridges.'' Particularly in point here in so distinguishing '' death from personal injuries '' is the definition of personal injury contained in section 37-a of the General Construction Law, i. e., '' Personal injury. ' Personal injury ' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another.''

The Legislature, by the enactment of the original section 6-a and the later enactment of section 6-a as now in force, has given procedure to be pursued by one asserting a claim for death under section 130 of the Decedent Estate Law against a county. We do not say that procedure on a death claim may not be taken under section 6. The court should not limit such remedy by a too narrow construction of the purposes of section 6-a. By a construction of section 6-a which holds that the plaintiff-respondent followed proper procedure in serving the notice of claim and of his intention to sue on the officers named in section 6-a, the present alleged cause of action is saved to the plaintiff. Such construction is in accord with the intent of the Legislature in enacting section 6-a, and the order below should be affirmed, with ten dollars costs and disbursements.

LARKIN, J. (dissenting). The sole question involved is whether, in this action, brought to recover damages against the County of Oneida for the death of plaintiff's intestate alleged to have been caused by the defective condition of one of the county highways, compliance, as to notice, with the provisions of section 6 of the County Law must be shown. It is admitted that no notice was ever served upon either the chairman of the board of supervisors or the county court, as required by that section. Service was, however, made upon the clerk of the board of supervisors and the county attorney, the ones designated in section 6-a. There is no claim that the notice so served under section 6-a ever came into the possession of either the chairman of the board of supervisors or the county clerk within the time limited by section 6.

Prior to 1917 a county was not liable for injuries caused by its negligence in the care of its highways or bridges. (*Markey* v. *County of Queens*, 154 N. Y. 675.) In that year section 6 was adopted. Thereby, liability was imposed upon the county for injuries to person or property sustained because such highways or bridges were defective or dangerous through the negligence of the county. The statute not only imposed liability which did not

exist prior thereto, but, in addition, provided the means for the enforcement of it. It required that notice of any such claim must be served within three months after the happening of the accident or injury upon the county clerk or chairman of the board of supervisors, as a prerequisite to the bringing of an action to enforce it. The statute was both remedial and procedural in its nature. It has remained, in its essential particulars, ever since as a part of the County Law. In 1939 and in 1940 it was amended, but without change, insofar as the present question is concerned.

Section 6-a became a part of the County Law in 1931. In substance, it provided generally for the presentation of any claim, not specified in section 6, which might be made against the county for damages for wrong or injury to person or property, or for the death of a person, within six months after the injury complained of, to the clerk of the board of supervisors and to the county attorney, if there was one. As originally enacted its title was — "Presentation of claims for injury to person or property." In 1936, section 6-a, as it then stood, was repealed, and in its place section 6-a, as it now substantially reads, was enacted. Its title was then changed so that it now reads — "Presentation of certain other claims." The first sentence, which is the part applicable to the present discussion, reads substantially the same as the original section 6-a, namely — "Any claim against the county, not specified in section six of this chapter for damages for death, or for injury to person or property, etc." The claims which it describes are required to be filed within three months after the accident with the clerk of the board of supervisors and with the county attorney, if there be one. In addition, as re-enacted, it requires the service of a notice of intention to commence an action on the county attorney, if there be one, and if not, upon the clerk of the board of supervisors, within the same period of three months. In 1939, by chapter 724 of the Laws of that year, both sections were amended to make special provision for the county of Nassau. Again, in 1940, both sections were amended, by chapter 407 of the Laws of that year, in minor particulars.

When section 6-a is read the difference between it and section 6 is at once apparent. Section 6-a has never purported to impose any liability upon the county. It always has been purely procedural, by prescribing the requirements for the presentation of claims, other than those included in section 6, which might give rise to a cause of action against the county.

The present action is brought under section 130 of the Dece-

dent Estate Law. As such, it is based on a claim of negligence on the part of the county in the construction and maintenance of one of its highways, whereby the decedent's death was caused. Had the decedent lived there can be little question but that he would have been required, if he were to enforce any claim against the county, to have complied with section 6. This action, brought after his death, is based upon the same identical claim which he would have had had he lived. While, undoubtedly, the death action, in a technical sense, is a new cause of action, substantially, however, it is a continuation of the original cause of action for the benefit of those dependent on the deceased, or who have been injured by the personal wrong done to him. (*Titman* v. *Mayor, etc., of New York,* 57 Hun 469, 473.) Section 130 of the Decedent Estate Law gives no right to the personal representative except to enforce the very claim which the decedent would have had had he lived.

In the light of the foregoing it is rather difficult, without doing violence to plain English, to see how the provisions of section 6-a apply to the instant claim, and this, even conceding that the present action and the one which the decedent, had he lived, would have brought, are different in their nature. It is urged, however, that section 6, in terms, merely afforded a remedy for injuries to person or property, and therefore was never intended to embrace a claim for wrongful death. The difficulty with that contention is, that it ignores the construction placed by the Court of Appeals, in at least three decisions, upon a statute in all respects *sui generis,* namely — (*Titman* v. *Mayor, etc., of New York,* 125 N. Y. 729, unanimously affirming 57 Hun 469, on the opinion of JUSTICE WILLARD BARTLETT; *Crapo* v. *City of Syracuse,* 183 N. Y. 395, and *Conway* v. *City of New York,* 208 N. Y. 567, unanimously affirming 148 App. Div. 915, on the opinion of Justice CLARKE on the first appeal in the action, 139 App. Div. 446). All three cases distinctly held that a statute imposing liability on certain municipalities for damages to person or property caused by the negligence of the city, embraced an action for wrongful death. The ruling of the Court of Appeals, above cited, is fortified by the construction placed by the Bench and Bar of this State for more than half a century upon another *sui generis* statute, chapter 700 of the Laws of 1881, which imposed liability on towns for the neglect of commissioners of highways in the care of town roads. The applicable part of that statute read — "damages to person or property." Throughout all the varied changes made in the original statute, today, as section 215 of the Highway Law, in

its essential part, it reads, and has read the same. At no time has it ever mentioned a claim for wrongful death. Yet it has always been construed as including such a claim, and apparently is so construed today. (*Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Lane* v. *Town of Hancock*, 142 N. Y. 510; *Spencer* v. *Town of Sardinia*, 42 App. Div. 472; *Tebeau* v. *Town of Hannibal*, 256 App. Div. 1049; *Dodge* v. *Town of North Hudson*, 177 F. 986, s. c., 188 F. 489.) While the question does not appear ever to have been distinctly raised that this statutory provision did not include a claim for wrongful death, it at least seems strange that if it did not, the question, over a period of more than fifty years, would not have been presented somewhere.

When former section 12-a of the Court of Claims Act was adopted in 1929 (Laws of 1929, ch. 467), waiving the State's immunity for torts and permitting the Court of Claims to hear and determine all claims against it to recover damages for injuries to property, or for personal injury caused by the negligence of its officers or employees, it did not mention a claim for wrongful death. Thereafter the very question here presented was raised in *Smith* v. *State of New York* (148 Misc. 524). This question was decided adversely to the defendant, but the claim was dismissed on the merits. This was reversed and a new trial directed in 241 App. Div. 656. On the second trial the claimant had an award. (154 Misc. 849.) This judgment was affirmed in 243 App. Div. 682, and again by the Court of Appeals in 268 N. Y. 551. On each trial and on each appeal, the defendant squarely presented the point that former section 12-a of the Court of Claims Act, because it did not expressly waive immunity for wrongful death, did not include such an action. The final affirmance of the judgment can lead to no other conclusion but that this objection was overruled. Again, in every one of the reported cases against counties for wrongful death by reason of defective highways or bridges, where the accidents occurred subsequent to the adoption of section 6-a, the plaintiffs served notices under section 6. (*Khoury* v. *County of Saratoga*, 267 N. Y. 384; *Huston* v. *County of Chenango*, 278 N. Y. 646; *Kane* v. *County of Cayuga*, 254 App. Div. 613; *Dekowski* v. *County of Montgomery*, 263 App. Div. 697; *Williams* v. *County of Saratoga*, 266 App. Div. 431.) Although it is true that the point does not seem to have been specifically presented, the observation made as to death claims, under the Highway Law and the predecessor statute, applies.

While it may be conceded that there is, in some other jurisdictions, authority to the contrary, the *Titman, Crapo* and *Conway* decisions (*supra*) have never been overruled, and it seems logically to follow that, in this jurisdiction at least, a claim for wrongful death under a statute such as section 6 of the County Law, although not specifically mentioned, is embraced within it. This has always been the common interpretation of such statutes by the legal profession of this State. What was said by Justice BARTLETT in the *Titman* case (*supra*) is as applicable today as when made, namely — that nine out of every ten lawyers would consider an action for wrongful death arising through negligence as one for personal injuries. Although in the *Crapo* case (*supra*) Judge O'BRIEN does say that such an action is not one to recover for personal injuries, his six associates thought otherwise. Moreover it is significant that all seven judges agreed that the action was included within the *sui generis* statute there considered, although not specifically mentioned therein. Therefore, even conceding, if such concession is necessary, that this present action is technically not one to recover for a personal injury within the meaning of section 37-a of the General Construction Law, which, however, by section 110 of the same law, does not apply where the language used or the context shows a different intent, still there can be little question but that the claim upon which the death action is based has always been treated by the courts of this State as included within a statute such as section 6 of the County Law.

While, probably, since the adoption in 1929 of former section 12-a of the Court of Claims Act, and certainly since the enactment in 1939 of present section 8 of the same Act, in the light of *Holmes* v. *County of Erie* (178 Misc. 46, affd. 266 App. Div. 220, affd. 291 N. Y. 798) the right to enforce a claim for injury arising through the negligence of the county in the construction or care of its highways is no longer dependent upon section 6, still that section remains unrepealed and unchanged. It was re-enacted in its present form in 1940. It names the officers upon whom service of the claim must be made. The same is true of section 6-a. It still remains unrepealed with the same words of exclusion of claims arising under section 6. Therefore, even though section 6, as a remedial statute, is now unnecessary, it still exists, until the Legislature repeals it, as the procedural statute for the enforcement of claims against counties because of defective highways. Conceding that the State, for the counties, waived all their governmental immunity and has consented that they, as subdivisions,

be sued for their torts, still the Legislature has the right to prescribe the conditions upon which such claims may be enforced. It certainly would have the right to say that a claim on account of a defective county road must be presented to a different county officer than one arising from the negligent operation of a county motor vehicle. It has long been established that compliance with a direction in a statute of this character, as to service, upon certain particular officers, is mandatory. Typical of such decisions is *Rogers* v. *Village of Port Chester* (234 N. Y. 182, 187).

For the foregoing reasons the order should be reversed and the complaint dismissed, with costs.

All concur with HARRIS, J., except LARKIN, J., who dissents and votes for reversal and for granting the motion in a separate opinion. Present — CUNNINGHAM, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Order affirmed, with ten dollars costs and disbursements. [See *post,* p. 1041.]