LEAH E. CLAWSON, as Administratrix of the Estate of GARDNER C. CLAWSON, Deceased, Respondent, *v.* CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant.

Third Department, May 5, 1948.

*Andrew J. Cook* for appellant.

*James H. Hyer,* attorney (*John J. Scully* of counsel), for respondent.

BREWSTER, J. On January 9, 1946, at about 12:15 A.M., plaintiff's intestate met with fatal injuries in an automobile accident when, while operating his car across the concrete floorway of a bridge known as Woodstock Bridge over Catskill Creek, in the town of Cairo, Greene County, he lost control of his vehicle. The proof is that this was occasioned by the slippery condition of the bridge floor due to ice having formed thereon from spray and mist which came in whole or in part from the waters of the creek as they were precipitated over and fell from the spillway of defendant's dam situated a short distance upstream from the bridge. The floor of the bridge was one and seven-tenths feet lower than the crest of the spillway. The bridge was constructed in 1929, by public authority, and has since been a part of a State highway on Route 32. Defendant owns and operates its dam as a part of the generating system of its hydroelectric plant, a public utility. A predecessor owner had constructed the dam just below a wooden dam which it superseded, in about the year 1905. It made it of a standard type, built of reinforced concrete. When the present bridge was constructed in 1929, it also superseded an older one of different type and which had a wood plank floor; and it was located on a slightly different axis from that of the old bridge so that its southerly end was about seven feet nearer to the dam. Spray and mist from water passing over

the crest of the dam and over the rapids below occasionally fell upon the floorway of the old bridge as it does upon the present one but, the evidence is, it did not create any menace due to relatively sudden formations of ice peculiar in location to its wooden floor, such as is wont to occur from time to time upon the concrete floor of the new bridge.

No negligence was charged or proven against the defendant. The action is in nuisance. Nuisance is charged by the fact that defendant owns and maintains its dam at the location and in the situation aforesaid, whereby, due to the vagaries of wind and weather, spray and mist from water falling over the dam occasionally causes a menace to public travel over the bridge.

Plaintiff has had a recovery of damages upon proof that the menace aforesaid was the proximate cause of the death of her intestate, it having been left to a jury to determine as to the fact of the nuisance alleged and the defendant's responsibility in its authorship.

The evidence is that it was impossible for defendant to have done anything to avoid the menace, other than to remove the dam. It, of course, had no duty or power as regards the construction or maintenance of the public passageway which spanned the creek. The proximate cause which brought the alleged nuisance into being was the independent action or omission of a third party over whom defendant had no control. (*Reiss* v. *Town of Pelham,* 53 App. Div. 459, 461.) It is clear that it was only because of the different type, kind, and location of the new bridge built by public authority, and the way it was maintained, long after and while defendant was in the exercise of its legal rights as regards the maintenance of its dam, that there was produced " that which worketh hurt." Such third party action intervened the defendant's lawful exercise of its property rights and the alteration made in the public way. It was this which gave rise to the danger from which only the author of the change had duty or power to protect the public. Other than as to the moisture laden air the defendant's structure played no part in rendering the way unsafe. The defendant may not be held in blame for having failed to have foreseen neglect in the safe maintenance of the public way, and for not having removed its dam. (25 Am. Jur., Highways, § 377.) When the public authority selected the location of the present bridge its power to choose and acquire the public right of way was plenary. In exercising its power it took naught from the defendant as regards its rights in the ownership and operation of its property. (*Chenango Bridge Co.* v. *Paige,* 83

N. Y. 178, 185–186.) Because of the evidence as to the kind and location of the structure and its manner of maintenance, a factual question was presented as to the authorship of a nuisance (*Khoury* v. *County of Saratoga,* 267 N. Y. 384), in which, however, defendant had no responsible part. (39 Am. Jur., Nuisances, § 17.) The motions to dismiss the complaint should have been granted. The judgment and order appealed from should be reversed on the law and on the facts, and the complaint dismissed.

HEFFERNAN, FOSTER and DEYO, JJ., concur with BREWSTER, J.; HILL, P. J., dissents in the following statement: The maintenance of a condition on the premises of an individual or corporation which detracts from the safety of a traveler on the highway is a nuisance (*Klepper* v. *Seymour House Corp.,* 246 N. Y. 85; *Tremblay* v. *Harmony Mills,* 171 N. Y. 598; *Beck* v. *Carter,* 68 N. Y. 283; *Walsh* v. *Mead,* 8 Hun 387). A railroad corporation which is responsible for a dangerous and unsafe condition created when its bridge caused water to drain upon the public highway was required to respond in damages (*Taylor* v. *City of Albany,* 239 App. Div. 217, affd. without opinion 264 N. Y. 539). The maintenance of a dam at a location where spray is blown upon a highway is a nuisance (*Khoury* v. *County of Saratoga,* 267 N. Y. 384).

Judgment and order reversed, on the law and facts, and the complaint dismissed, without costs.