JOANNE COURTRIGHT, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31281.)

Court of Claims, August 10, 1953.

*Harry Lipsig* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David Marcus* of counsel), for defendant.

LAMBIASE, J. This is an application for an order substituting one, Nicola Macri, executor under the last will and testament of Joanne Courtright, claimant above named, now deceased, as claimant in the above-entitled claim, and for permission to serve an " Amended Claim " without prejudice to any proceedings heretofore had, and for such other and further relief as to the court may seem just and proper in the premises.

This application was made returnable on the 16th day of June, 1953, before Honorable GEORGE SYLVESTER, one of the Judges of this court, at his chambers in the city of New York, and by him was duly referred to us for determination, it being agreed by stipulation dated July 11, 1953, filed with the Clerk of this court July 21, 1953, that the motion be submitted to us without oral argument and upon the moving papers.

The above-entitled claim filed during the lifetime of the claimant above named by her then attorneys, Maurice S. Fenold and Arnold Jacoby, Esqs., alleges in substance that damages were sustained by her " due solely to the negligence, carelessness and recklessness of the State of New York, its agencies, The House of Detention for Women, and the New York State Prison for Women, at Westfield, and their commissioners, superintendents, representatives, directors, doctors, nurses, officers, agents, servants and employees, in that they failed, neglected and refused claimant proper and competent medical care or attention; in that they wantonly permitted claimant to suffer and to lose blood excessively; in that they failed and neglected to

provide her with competent medical attention or to properly diagnose her condition and permitted same to become progressively worse and to become incurable " (Claim, par. 10 in part) " while claimant was under the detention and control of the State of New York, The House of Detention for Women, The New York State Prison for Women, at Westfield and their commissioners, superintendents, representatives, directors, doctors, nurses, attendants, officers, agents and employees ". (Claim, par. 9 in part.)

It is alleged in the proposed " Amended Claim " attached to the moving papers herein " That claimant's testate's condition as set forth in paragraph ' 6 ' hereof, was due solely to the negligence, carelessness and recklessness of the State of New York, its agencies, The House of Detention for Women, and the New York State Prison for Women, at Westfield, and their commissioners, superintendents, representatives, directors, doctors, nurses, officers, agents, servants and employees, in that they failed, neglected and refused her proper and competent medical care or attention; in that they wantonly permitted her to suffer and to lose blood excessively; in that they failed and neglected to provide her with competent medical attention or to properly diagnose her condition and permitted same to become progressively worse so that she died therefrom." (Par. 7.) Thus the proposed " Amended Claim " alleges a cause of action for wrongful death of the deceased arising by reason of the same alleged facts set forth in the claim as originally filed. Claimant died June 10, 1952, and subsequent to the filing of the original claim herein.

It is not questioned by the State of New York that there has been timely filing and timely service of the above-numbered claim, and no objection is made by the State of New York to the substitution of the executor of the last will and testament of the deceased claimant as claimant in the above-entitled claim. The State of New York, however, opposes the application for permission to serve the proposed " Amended Claim " upon the grounds: (a) that it is proposed thereby not to " amend " the filed claim, but rather, in contravention of the provisions of section 10 of the Court of Claims Act, to file an additional and different claim for wrongful death more than ninety days subsequent to the appointment of the executor of the estate of the deceased; (b) that no excuse for the failure to file within the prescribed period is set forth in the moving papers or affidavits in support thereof; and (c) that the attorney making this appli-

cation has no standing before this court because he has not been properly substituted as attorney herein. We are unable to agree with the State's position.

The State's objection to the appearance of Harry H. Lipsig, Esq., as attorney herein is met by stipulation dated June 5, 1953, filed and served herein providing among other things for his substitution as attorney, and by stipulation to the same effect dated July 13, 1953, and filed on the 21st day of July, 1953.

With reference to the objection of the Attorney-General to the granting of permission to file and serve an " Amended Claim ", what was said in *Holmes* v. *City of New York* (269 App. Div. 95, 98–99, affd. 295 N. Y. 615) it seems may be repeated here with equal effect:

" Technically the wrongful death statute does create a new cause of action of a distinct nature for the deprivation of natural support and protection suffered by the statutory beneficiaries. (*Whitford* v. *The Panama Railroad Company* [23 N. Y. 465], *supra.*) But substantially, and considering the nature of the redress to be afforded, it is a continuation of the original cause of action for the benefit of those dependent on the services or bounty of the deceased who have been injurd by the personal wrong done to him. The statute continues for the benefit of the wife, husband, etc., a right of action which, at the common law, would have terminated upon the death of the injured person and enlarges its scope to embrace the injury resulting from his death. (*Titman* v. *Mayor, etc., of New York,* 57 Hun 469, 473, affd. on opinion below 125 N. Y. 729.)

" In that sense, therefore, in the instant case it would seem that since a proper notice of claim was served by the intestate during her lifetime, it is not necessary for the administrator to serve another notice when a claim is made for wrongful death. Here appellant City has all necessary notice of its original wrongful act. The fact that because of subsequent events two classes of persons are, in law, entitled to recover their respective damages flowing from the same wrongful act should be of no concern to the appellant.

" But perhaps the decisive argument in favor of the holding that the one notice served during the lifetime of the intestate is sufficient is the wording of the wrongful death statute itself: ' The * * * administrator * * * of a decedent * * * may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, *would*

*have been liable to an action in favor of the decedent by reason thereof if death had not ensued.* \* \* \* ' (Italics supplied.) (Decedent Estate Law, § 130.) ''

Accordingly, it is not necessary for the executor to file a new claim based upon the enlarged element of damage — the wrongful death; and he may enlarge the scope of the filed claim to embrace the injury resulting from claimant's death.

Claimant's proposed '' Amended Claim '' submitted with the moving papers alleges facts which have occurred since the filing of the original claim. A supplemental claim is necessary to allege such facts. (Civ. Prac. Act, § 245.) In the light of that fact, the application should have been for permission to file and serve a supplemental claim. We see no prejudice to the substantial rights of the State of New York in our treating the application as one to file and to serve a supplemental claim, and we have thus considered it.

The motion is in all respects granted except that the claim permitted to be filed and served shall be a supplemental claim, an original and twelve copies of which shall be filed with the Clerk of the Court of Claims, and a copy of which shall be served upon the Attorney-General of the State of New York within twenty days from the date of the filing of this memorandum in the office of the Clerk of this court. Said supplemental claim shall be in addition to the original filed claim. Its filing and service shall be without prejudice to any proceedings heretofore had subject, however, as to any such proceedings to the provisions of said section 245 of the Civil Practice Act.

Submit order accordingly.